UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
In Admiralty

| | |
|---|---|
| In the matter of Chesapeake Marine Tours, Inc. *dba* Watermark Cruises, as Owner of the Motor Vessel M/V QUATRO, MD 8540 AR, for Exoneration from or Limitation of Liability,<br><br>      Limitation Plaintiff. | Civil Action No.: |

## VERIFIED COMPLAINT IN ADMIRALTY

Chesapeake Marine Tours, Inc. *dba* Watermark Cruises ("Watermark" of "Limitation Plaintiff"), as owner and operator of the Motor Vessel QUATRO, MD 8540 AR, in an action for exoneration from or limitation of liability, alleges upon information and belief that

1. This is a case of admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Limitation Plaintiff files this claim for exoneration from or limitation of liability in accordance with the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*.

2. This Court has original jurisdiction under 28 U.S.C. § 1333. Venue is proper pursuant to Supplemental Rule F(9) of the Federal Rules of Civil Procedure.

3. At all material times, Chesapeake Marine Tours, Inc. *dba* Watermark Cruises was and is a Maryland stock corporation with a principal place of business in Annapolis, Maryland.

4. On or about May 24, 2019, QUATRO was engaged in commercial passenger operations upon the navigable waters of the United States in the vicinity of Annapolis, Maryland (the "Voyage"). During said Voyage, an incident allegedly occurred, and as a result of which two passengers, Steven Bryson and Samantha Bryson, assert claims for injury.

5. QUATRO is a self-propelled motor vessel bearing Maryland Registration No. MD 8540 AR.  QUATRO was built in 1987 by Privateer Boat Company.  Its Hull identification number is PVT24795E787.  It is 24' 5" in length.  At all relevant times, Chesapeake Marine Tours, Inc. *dba* Watermark Cruises was the owner and operator of QUATRO.

6. QUATRO is a small commercial passenger vessel.  There was no freight pending at the end of the voyage. QUATRO did not have any unpaid hire due at the time of the alleged incident or at the conclusion of the Voyage.

7. Upon information and belief, the value of QUATRO did not exceed the sum of Twenty Thousand U.S. Dollars ($20,000.00) at the end of the Voyage.  Limitation Plaintiff remains in possession of QUATRO within this district.

8. QUATRO has not been attached or arrested.  Limitation Plaintiff has not been served with any lawsuit as a result of the voyage.

9. Subject to an appraisal of QUATRO, Limitation Plaintiff herewith deposits with the Court, as security for the benefit of claimants, a stipulation for security in the sum of Twenty Thousand U.S. Dollars ($20,000.00), which amount equals or exceeds the total value of QUATRO and hire due at the time of the incident, plus interest at six percent (6%) per annum from the date of said stipulation.

10. Before and at the beginning of the Voyage on May 24, 2019, and at all times material to any alleged claims, damages, and incident(s), Limitation Plaintiff exercised due diligence to make QUATRO staunch and seaworthy in all respects, and to properly man, equip, supply, outfit and make safe QUATRO for its intended purpose. The injuries allegedly sustained by Steven Bryson and Samantha Bryson, if any, were occasioned and incurred without the privity or knowledge of Limitation Plaintiff prior to the commencement and at all times during the conduct

of said voyage. Chesapeake Marine Tours, Inc. *dba* Watermark Cruises, therefore, claims the benefit of the Limitation of Liability Act and the various acts amendatory and supplemental thereto, and in the same proceeding desires to contest its liability and the liability of QUATRO for any loss or damage arising out of the aforesaid Voyage.

11.     The alleged incident(s) and all losses and damages caused thereby or otherwise incurred during the Voyage were not due to any fault, negligence or lack of due care on the part of Limitation Plaintiff, nor were the incident(s), losses or damages occasioned by any unseaworthiness of QUATRO. Rather, the incident(s) and all losses and damages caused thereby were due solely to and caused solely by causes for which Limitation Plaintiff is not liable.

12.     Limitation Plaintiff contests its liability and the liability of QUATRO for any injuries, losses and damages occasioned or incurred during its voyage commencing and ending on May 24, 2019. Limitation Plaintiff has valid defenses thereto on the facts and on the law. Limitation Plaintiff hereby claims and reserves the right to contest in this or any other Court any claim of liability against it.

WHEREFORE, Chesapeake Marine Tours, Inc. *dba* Watermark Cruises prays:

1.     That this Court enter an order approving the above-described stipulation for security, in the amount of Twenty Thousand U.S. Dollars ($20,000.00), deposited with the Court by Limitation Plaintiff as security for the value of QUATRO, and any pending freight.

2.     That this Court issue a notice to all persons asserting claims with respect to which Limitation Plaintiff seeks limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on attorneys for Limitation Plaintiff a copy thereof on or before a date to be fixed by the Court and answer to this Complaint, unless the claim includes an answer so designated;

3.       That this Court issue an injunction restraining and enjoining the filing or prosecution of any and all suits, actions or proceedings already commenced or to be commenced and the commencement and prosecution thereafter of any and all suits, actions or proceedings of any nature or description in any jurisdiction against Limitation Plaintiff as aforesaid or against QUATRO or against any other property of Chesapeake Marine Tours, Inc. *dba* Watermark Cruises except in this action, to recover damages for or in respect of any loss, damage, injury, death or destruction done, occasioned or incurred during the Voyage of QUATRO on May 24, 2019;

4.       That this Court enter a judgment in favor of Chesapeake Marine Tours, Inc. *dba* Watermark Cruises exonerating it from any loss, damage, injury or liability for any claims in any way arising out of or resulting from the towing operations and any injury or casualty relating thereto;

5.       If Limitation Plaintiff shall be judged liable and if it be found to have any interest remaining in QUATRO and the hire due at the time of the incident, that its liability be limited to the value of such interest; and

6.       That Limitation Plaintiff, Chesapeake Marine Tours, Inc. *dba* Watermark Cruises, may have such other and further relief that law and justice may require.

                            CHESAPEAKE MARINE TOURS, INC.
                            DBA WATERMARK CRUISES

                            By: */s/Robert L. Ferguson, Jr.*
                            Robert L. Ferguson, Jr.; Fed. Bar No.: 00777
                            FERGUSON, SCHETELICH & BALLEW, P.A.
                            1401 Bank of America Center
                            100 South Charles Street
                            Baltimore, MD 21201-2725
                            Telephone: (410) 837-2200
                            Facsimile: (410) 837-2725
                            rferguson@fsb-law.com

and

Steven M. Stancliff (VSB No. 73853)*
CRENSHAW, WARE & MARTIN, PLC
150 W. Main Street; Suite 1500
Norfolk, VA  23510
Telephone:     (757) 623-3000
Facsimile:     (757) 623-5735
sstancliff@cwm-law.com
* *Motion for Admission Pro Hac Vice Pending*

*Counsel for Chesapeake Marine Tours, Inc.
dba Watermark Cruises*

## VERIFICATION

**STATE OF MARYLAND:**

**CITY OF ANNAPOLIS:**

I, Debbie H. Gosselin, declare under oath as follows:

1. I am the President of Chesapeake Marine Tours, Inc. *dba* Watermark Cruises and as such am authorized to make this affidavit.

2. I have read the foregoing Complaint and know the contents thereof, and to the best of my knowledge, information and belief the matters set forth in the complaint are true and correct.

3. Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this: 9th day of November, 2020.

_____
Debbie H. Gosselin